CHARLES W. BOWLBY, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MORRIS ET AL.

Submitted March 21, 1912—Decided November 23, 1912.

1. One holding the office of county superintendent of weights and measures in the county of Morris, being a "person who holds office in subordination to or by appointment from" the board of chosen freeholders of that county, and whose term of office is "not fixed by any statute of this state," is subject to peremptory removal from such office by such board, without making or sustaining charges or granting hearing, unless it appears that such person belongs to a class of persons protected by statute from such removal.

2. In the absence of provision by local ordinance or by-law, no person can be an exempt fireman of the Dover fire department unless the same is provided for by statute.

3. The provision of section 14 of the act (*Pamph. L.* 1889, *p.* 19; *Gen. Stat.*, *p.* 1511), that where there is no local law or ordinance fixing the period of service required to entitle one to become an exempt fireman, a service of seven years as an active fireman, &c., shall "for the purpose of this act" be taken to constitute said fireman an exempt fireman, must be restricted to the one object of the act as evidenced by its title, "An act authorizing and providing for the incorporation of associations of exempt firemen, and the formation of a state association of exempt firemen," as supplemented and defined by the declaration of section 6 of the act, that the object of such corporations "shall be to establish, provide for and maintain a fund for the relief, support or burial" of members, their widows and orphans.

4. The character of "exempt fireman" established by section 14 of *Pamph. L.* 1889, *p.* 19; *Gen. Stat.*, *p.* 1511, has no other force or office than the fixing of the necessary qualifications for membership in associations formed under the act, and cannot of itself be relied upon, by a person having that character, to bring him within the protection of chapter 212 of the laws of 1911. *Pamph. L.*, *p.* 444.

On *certiorari*.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Vreeland, King, Wilson & Lindabury*.

For the defendants, *George G. Runyon*.

The opinion of the court was delivered by

TRENCHARD, J.  On December 13th, 1911, the board of chosen freeholders of the county of Morris elected the prosecutor of this writ, Charles W. Bowlby, "Superintendent of Weights and Measures for a term of three years, at a salary of fifteen hundred dollars per year."

On January 1st, 1912, the new board, by a majority vote of all its members, passed a resolution, as follows:

"*Resolved,* That the office of Superintendent of Weights and Measures in this county be vacated, and the present incumbent, Charles W. Bowlby, be and he hereby is removed from said office, and that a copy of this resolution be delivered to him by the clerk of this Board."

By this writ, the prosecutor, Bowlby, challenges the validity of the latter resolution.

We think it was a valid exercise of power.

It will be noticed that the resolution in question did not attempt to abolish the office, but merely vacated the office, and so far as appears from the record, no successor has as yet been designated.

The office of county superintendent of weights and measures was created by chapter 201 of *Pamph. L.* 1911, *p.* 414.

Section 9 of that act provides that "the department of weights and measures shall consist of a state superintendent, of assistant state superintendents, of county superintendents," &c.

Section 10 provides that "the governing bodies of the respective counties shall designate the county superintendent."

It appears, therefore, that the office of county superintendent of weights and measures is a public office, and an examination discloses that the term of such office is not fixed by the statute creating it.

By section 5 of *Pamph. L.* 1885, *p.* 135 (*Gen. Stat., p.* 137, § 159), the board of chosen freeholders has power, by a majority vote of all the members of such board, to remove from office any person who holds office, in subordination to or by appointment from such board, in all cases where the term of such office is not fixed by any statute of this state.

The board, in the absence of statutory requirement, is not obliged to make or sustain charges or grant a hearing. *Sweeney* v. *Stevens,* 17 *Vroom* 344.

We hereinafter point out that we find no such statutory requirement applicable to the prosecutor, and we remark at this point that it is not contended nor suggested that a consideration of the effect of the Civil Service act is involved in this case. So far as appears, the county of Morris has not adopted the act.

We are thus brought to the question whether the prosecutor is protected from removal by reason of being an exempt fireman.

The act upon which the prosecutor rests his contention is chapter 212 of *Pamph. L.* 1911, *p.* 444, the first section of which reads as follows:

"1. No person now holding a position or office under the government of this State, or the government of any county, city, town, township or other municipality of this State, or who may hereafter be- appointed to any such position, whose term of office is not now fixed by law, and receiving a salary from such State, county, city, town, township or other municipality, who is an exempt fireman of any volunteer fire department, volunteer fire engine, hook and ladder, hose or supply company or salvage corps of any city, town, township, borough or fire district of this State, holding an exemption certificate issued to him as such exempt member of any such volunteer fire department, company or corps, shall be removed from such position or office except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during good behavior and shall not be removed for political reasons."

The prosecutor claims to be an exempt fireman of a volunteer fire department of the town of Dover, holding an exemption certificate issued to him as such member.

To be entitled to the benefit of the act, the prosecutor must "hold" an exemption certificate. The evidence of this is very unsatisfactory. We do not stand on the want of physical possession. The fact, if it be a fact, that the certificate had been

lost is inconsequential, if it were fairly proved to have been lawfully issued to him. But the difficulty lies deeper. We fail to find evidence that he is an exempt fireman within the meaning of chapter 212 of the laws of 1911, and the burden of proof rests upon him.

It appears that in 1889 the prosecutor was elected a member of the board of fire wardens of Dover, and that in 1903 his resignation was accepted. It is admitted that he has not caused his name to be filed in the office of the county clerk, with the title and location of the fire company in which he claims to be enrolled. It is admitted that his name does not appear in the firemen's register in the county clerk's office. It is also admitted that he has never filed a certificate of his service as a member of any fire department or any fire company for seven years, signed by the chief of the Dover fire department and the town clerk of Dover, or either of them, or by the presiding officer of any fire company of Dover, in the county clerk's office; and that his name is not filed or registered in the county clerk's office as that of an exempt fireman.

The town of Dover was incorporated under an act entitled "An act to incorporate Dover," approved April 1st, 1869 (*Pamph. L., p.* 1161), paragraph 20 of section 13 of which act provides that the common council of Dover shall have power within the town to make, establish and modify, amend or repeal ordinances "to establish, regulate and control a fire department, and define the manner of the appointment and removal of the officers and members of the fire department, their duties and their compensation; to provide fire engines and other apparatus, and engine houses and other places for keeping and preserving the same, and to provide for extinguishing fires."

On February 11th, 1874, Dover enacted an ordinance entitled "An ordinance to establish and regulate the fire department and for the prevention and extinguishment of fires," which (with two amendments increasing the number of fire wardens from nine to twenty-five, passed in 1884 and 1885) remained in force, and under which the fire department of Dover was established and regulated, until June 9th, 1899,

on which last-mentioned date it was superseded by an ordinance entitled "An ordinance to provide for, establish, regulate and control the fire department, and to establish rules for the government thereof," which is still in force.

These ordinances are the only rules and regulations of the Dover fire department, so far as appears. Neither of them contain provision for, or a reference to, exempt firemen.

In the absence of provision by local ordinance or by-law, no person can be an exempt fireman of the Dover fire department unless the same is provided for by statute.

We are of opinion that there is no statutory provision applicable to the prosecutor.

*Gen. Stat., p.* 1852, § 44 (Revision of 1874), provides that no fireman shall be entitled to claim exemption from jury duty unless he shall file his name in the county clerk's office, with title and location of fire company in which he is enrolled. This, it is admitted, the prosecutor has never done.

*Gen. Stat., p.* 1857, § 70 (*Pamph. L.* 1880, *p.* 168), provides that seven years' service in fire departments of any city shall exempt from jury duty on filing certificate of such service in county clerk's office, made by the chief of the fire department or the city clerk.

Dover is not a city, and the prosecutor has not filed such certificate.

*Gen. Stat., p.* 1479, § 18 (*Pamph. L.* 1876, *p.* 286), is an act entitled "An act for the incorporation of fire companies," and provides for the incorporation of not less than ten persons as a fire company by such name as they shall assume and choose, and the filing of a certificate of incorporation in the county clerk's office.

By a supplement thereto, passed March 9th, 1877 (*Pamph. L., p.* 220), it was provided that any person serving seven years as a member of any fire company, *organized under the act of 1876,* should be thereafter exempt from serving in militia in time of peace or as a juror, in which latter case he was required to file in the county clerk's office a certificate of such service made by the presiding officer of such company.

By an amendment of the last-mentioned supplement, passed

March 25th, 1890 (*Pamph. L., p.* 118; *Gen. Stat., p.* 1480, § 23), it was provided that any person who had, or might thereafter have, served as a member of any fire company or companies, *organized under the act of 1876,* for a period of seven years, or separate periods amounting in all to seven years, should be thereafter exempt from militia service in time of peace or as a juror, in which latter case he was required to file in the county clerk's office a certificate of such service made by the presiding officer of such company.

Neither the Dover fire department, nor any fire company of Dover, was or is organized under "An act for the incorporation of fire companies," above mentioned, and the supplement thereto and amendment thereof. Moreover, the certificates provided for in such supplement and amendment have not been filed by the prosecutor.

*Gen. Stat., p.* 1492, § 85 (*Pamph L.* 1884, *p.* 265), is an act entitled "An act to give certain active and exempt firemen the same advantages in respect to taxes and jury duty as now are or hereafter may be allowed to members of the national guard of this state."

This act has been declared unconstitutional. *Christie* v. *Bayonne,* 19 *Vroom* 407.

*Pamph. L.* 1890, *p.* 117 and *Pamph. L.* 1902, *p.* 279, are acts providing for the exemption of members of *disbanded fire companies or departments. Pamph. L.* 1903, *p.* 114, is an act providing for the exemption of firemen in any *township or borough* who shall have served as an active fireman for seven years upon filing a certificate of such service, made by the presiding officer of the company, with the county clerk. None of these statutes apply to the prosecutor. He was not a member of any disbanded company, nor had he filed any such certificate.

*Gen. Stat., p.* 1511, § 184 *et seq.* (*Pamph. L.* 1889, *p.* 19), is an act entitled "An act authorizing and providing for the incorporation of associations of exempt firemen, and the formation of a state association of exempt firemen," and is the act upon which the prosecutor relies as constituting him an exempt fireman. Section 1 thereof provides as follows:

"That it shall and may be lawful for any number of firemen, not less than ten, in any of the cities, towns, boroughs, townships or fire districts of this state, who may be exempt firemen pursuant to any general or special law of this state, or any charter or act of incorporation or supplement thereto, of any municipality of this state, to associate themselves together and become and be incorporated, in the manner hereinafter provided, under and by the name of the association of exempt firemen of the city, town, borough, township or fire district of —— ——————; using the name of the city, town, borough, township or fire district, as the case may be, in which said association may be located."

Section 6 of the act reads as follows:

"That the object of corporations formed under this act shall be to establish, provide for and maintain a fund for the relief, support or burial of the members thereof, and of their widows and orphan children, under such rules and regulations as each corporation may respectively provide and adopt."

Section 13 of the act provides as follows:

"That any exempt fireman of this state, upon production of a certificate under the hand and seal of the clerk of any county in this state, setting forth that the exemption certificate of such exempt fireman is duly filed in the office of such clerk, shall be entitled in any and all the counties, cities, towns, boroughs, townships and fire districts of the state, to demand, have and receive all the rights, privileges, benefits and exemptions of whatsoever kind provided for exempt firemen by any law of this state now or hereafter existing."

Section 14 of the act (as amended by *Pamph. L.* 1890, *p.* 44; *Gen. Stat., p.* 1513, § 198), reads as follows:

"That for the purpose of this act where there is no local law or ordinance fixing the time that it shall be necessary for active firemen to serve to be entitled to become exempt firemen, and receive their certificates thereof, a service of seven years as an active fireman in any fire engine, hook and ladder, hose or supply company, or salvage corps, the members of which corps shall have been enlisted from among the active firemen, or in any other association or fire department, or

board of fire wardens, or as chief of any fire department, heretofore or hereafter rendered in any of the several cities, towns, boroughs, townships and fire districts in this state, such companies being under the supervision or control of the common council, township committee, board of fire commissioners, or other governing board or body whatsoever, shall be taken to constitute said fireman as an exempt fireman, and to entitle him to all the rights, benefits and privileges whatsoever to which any exempt firemen now or hereafter may become entitled."

In this act the term "exempt firemen" is used as a term, the significance of which is to be found in some "general or special law of this state, or any charter or act of incorporation, or supplement thereto, of any municipality of this state," and by its first section is confined to such exempt firemen. It is not the purpose of the act to establish what shall constitute an exempt fireman, or the rights of an exempt fireman, but to establish the qualifications which entitle a fireman to membership in its associations and to the enjoyment of the benefits thereof.

The provision of the fourteenth section of the act, that where there is no local law or ordinance fixing the period of service required to entitle one to become an exempt fireman, a service of seven years as an active fireman, &c., shall, "for the purpose of this act," be taken to constitute said fireman an exempt fireman, must be restricted to the one object of the act evidenced by its title, "An act authorizing and providing for the incorporation of associations of exempt firemen, and the formation of a state association of exempt firemen," as supplemented and defined by the declaration of the sixth section of the act, that the object of such corporations "shall be to establish, provide for and maintain a fund for the relief, support or burial" of members, their widows and orphans.

It is not the purpose of the thirteenth and fourteenth sections of the act to extend to firemen of towns, not having regulations defining and providing for exempt firemen, benefits other than its own, provided and defined by other acts for classes of exempt firemen by those other acts defined. To so

construe these sections would be to make them unconstitutional as within the prohibitions of paragraph 4, section 7 of article 4 of the constitution of this state, which provides that "every law shall embrace but one object, and that shall be expressed in the title," and "no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of the act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act." *Hendrickson* v. *Fries,* 16 *Vroom* 555; *Christie* v. *Bayonne,* 19 *Id.* 407.

A construction which leads to declaring sections of an act unconstitutional ought not to be adopted if it can be avoided. It is the duty of the courts to adopt such a construction as will sustain the constitutionality of an act of the legislature if it can be done without violence to the language of the act.

We, therefore, hold that the character of "exempt fireman," established by section 14 of the act, has no other force or office than the fixing of the necessary qualifications for membership in associations formed under the act. It is expressly stated as being made for the purposes of the act, and is thereby restricted to the proper purposes of the act as expressed in its title and the body of the act, and cannot of itself be relied upon, by a person having that character, to bring him within the protection of chapter 212 of the laws of 1911.

We have not been referred to any other statute, and in our examination we have not found any statute by which, or in pursuance of which, under the proofs in this case, the prosecutor is constituted an exempt fireman of the Dover volunteer fire department. We have pointed out that there was no local ordinance or by-law in pursuance of which he can claim to be such exempt fireman. It follows, therefore, that he is not entitled to the protection of the chapter 212 of the laws of 1911.

The resolution under review will be affirmed, with costs.